IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ANTONIO CRUZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GLENNIS L. CLARK | : | NO. 17-3095 |
| STEVEN M. LUSKA | : | |

MEMORANDUM

GOLDBERG, J.                                              JULY 3l , 2017

Plaintiff Jose Antonio Cruz, a prisoner at the State Correctional Institution at Waymart, brings this civil action against the Assistant District Attorney who prosecuted him for homicide and his defense attorney. His claims the defendants' conduct caused his wrongful conviction. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

I.   FACTS[1]

Plaintiff was charged with homicide and other crimes in 2011. He retained Glennis L. Clark as his defense counsel. The day before plaintiff was scheduled for trial, Mr. Clark allegedly demanded that plaintiff either plead guilty or pay $15,000 to proceed to trial in addition to the amount he had already paid for Mr. Clark's services. Plaintiff refused to either plead guilty or pay the additional money.

Plaintiff attempted to terminate Mr. Clark's representation but the judge presiding over his criminal case denied his request. Plaintiff proceeded to trial in the Lehigh County Court of Common Pleas and was found guilty by a jury. He alleges that Mr. Clark's performance at trial

---

[1] The facts are taken from the complaint and documents attached to the complaint.

1

was defective in various respects. He also alleges that Mr. Clark and the prosecutor, Steven M. Luska, "agreed to keep jurors from hearing critical evidence so that [he] would be found guilty." (Compl. at 5, ¶ 27.)

Based on those allegations, plaintiff filed in the instant civil action against Clark and Luska. He brings claims against the defendants pursuant to 42 U.S.C. § 1983 for violating several of his constitutional rights during the course of trial and conspiring against him to secure a conviction. Plaintiff also asserts a breach of contract claim against Clark under state law. Plaintiff seeks declaratory judgment that his rights were violated as well as monetary damages.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider documents attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

---

[2] However, as plaintiff is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

2

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). As plaintiff's convictions and sentence have not been reversed, expunged, or otherwise invalidated, his claims are currently not cognizable under § 1983.[3] In any event, Luska is entitled to absolute prosecutorial immunity from liability under § 1983 based on acts he took while prosecuting the Commonwealth's case against plaintiff. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

To the extent plaintiff is raising a breach of contract claim against Clark under state law, there is no independent basis for jurisdiction over that claim. The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As it appears that all parties are citizens of Pennsylvania, there is no basis for diversity jurisdiction here.

---

[3] The complaint also cites 18 U.S.C. § 241 and 42 U.S.C. § 1985. However, 18 U.S.C. § 241 is a criminal statute that does not give rise to civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("We affirm the dismissal of Allen's claims under 18 U.S.C. §§ 241 and 242 because these are criminal statutes that do not give rise to civil liability."). To the extent plaintiff is raising claims under § 1985 those claims, like his § 1983 claims, are not cognizable. *See Cook v. City of Phila.*, 179 F. App'x 855, 859 (3d Cir. 2006) (per curiam) (section 1985 claims barred by *Heck*).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.